# Decisions of the Supreme Court of Missouri,

## JACKSON DISTRICT, APRIL TERM, 1829.

BYRD AND OTHERS *v.* GOVERNOR OF MISSOURI, TO USE, &C.

1. The improvement of the real estate of an intestate, by the administratrix, is a misapplication of the funds of the estate, and the security will be liable for the waste committed.

2. Under an agreement that the security will be permitted to make use of any equitable defence he may have," &c—held that evidence is admissible to show the increased value of the estate; for which, under the agreement, the security will be entitled to a credit.

TOMPKINS, J., dissenting.

### IN ERROR.

WASH, J., delivered the opinion of the Court.

This was an action of debt commenced in the Circuit Court, against Byrd, as the security in an administration bond. On the trial, an agreement between the defendant and the creditors of the deceased was read in evidence, by which it appears as follows: " that Col. Byrd proposed to go into the Circuit Court and enter his appearance without writ, to such suits as the creditors of Chamberlain may institute against him, for waste on the administration bond. All creditors may institute suit, and he will agree with the creditors to try one to establish the amount of the waste; and that judgment shall be entered up against him for the waste in favor of each creditor in proportion to the whole amount wasted, and the parties are to permit Col. Byrd to make use of any equitable defence he may have, &c."

Several breaches were assigned, and on the plea of *nil debet*, the waste was established to the amount of $1503 19 1-4 cents. The defendant then proved, that "pre-

vious to the death of the intestate Chamberlain, he had dug and walled a cellar on a (103) lot in the town of Jackson, that after his death the said Eliza, (administratrix,) before the said estate was declared to be insolvent, went on to build, and did actually build, a brick house on said lot, on the foundation made by the said Jason, (the intestate,) in his life time, as aforesaid;" and it was proven that the building the said house could not have cost the said Eliza (the administratrix) less than twelve or thirteen hundred dollars. The defendant further proved on the trial, that the administration of said estate was taken from said administratrix, and given to said defendant. That in the year 1822, on his (defendant's) application to the Circuit Court of the county of Cape Girardeau, the Court ordered him, the said defendant, as administrator *de bonis non*, to sell all the real estate of Jason Chamberlain, (the intestate); that in pursuance of said order, he did sell at public sale, the said real estate ; that amongst the rest, he sold the said lot and brick house, in the town of Jackson, for seven hundred and seventy-five dollars, all of which, he paid by order of the County Court, to the creditors of said Chamberlain. The defendant further proved on the trial, that at the time of said sale of said lot by said administrator, the lot on which said brick house was built, with the cellar walled as aforesaid, was not worth more than one hundred dollars ; and the defendant claimed as an equitable credit, (under the agreement of the parties as aforesaid,) six hundred and seventy-five dollars, the difference between what said lot, with the cellar aforesaid, was worth at the time of the sale aforesaid, and what the lot with the house aforesaid sold for, which was applied to the payments of the debts due ; but the Circuit Court rejected the testimony and gave judgment for the full amount of the estate wasted, to which the defendant excepted, and by a bill of exceptions, has spread the agreement and evidence upon the record.

The only question to be considered is, did the Circuit Court err in rejecting the testimony ? As to the strict law of the case, there can be no doubt ; the administratrix in building the house, made a gross misapplication of the funds of the estate, and her securities were liable for the waste committed. By the agreement, however, the defendant may well claim a credit for the improved value of the estate which had been applied towards the payment of the debts due the intestate. It will ever be a difficult matter to determine, under such circumstances, the amount to be allowed; but when the proof can be made, there can be no good reason why it should not avail the defendant ; it would be any thing else than equitable, to allow the creditors to (104) receive the improved value of the estate, and then to recover the full amount of the assets which had been wasted, or misapplied toward the improvement.

The Circuit Court erred, therefore, in rejecting the testimony, and the judgment must be reversed, and the cause remanded for further proceedings, conformably to this opinion.

TOMPKINS, J. dissenting.

I dissent from the opinion of the Court, believing that in equity, no allowance would be made to the administratrix for building a house on the land of the intestate. On the contrary, that at law and in equity, it is a waste to expend the money of the intestate in this manner; and that the administratrix would lose her money equally as if she had built a house on the land of any living person without his assent.